IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| and COMMONWEALTH OF VIRGINIA ) | |
| ) | |
| *ex rel.* DWIGHT OLDHAM, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 6:18-cv-88 |
| ) | |
| v. ) | |
| ) | |
| CENTRA HEALTH, INC., ) | |
| ) | |
| *Defendant*. ) | |

## MOTION TO VACATE DISMISSAL

Plaintiff-Relator Dr. Dwight Oldham, M.D., respectfully moves this Court to vacate its July 1 dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 60(b). Due to a clerical mistake on the part of undersigned counsel, the wrong date was calendared to submit the Plaintiff's Amended Complaint and complete service. Counsel apologizes to the Court for this inadvertent omission, but respectfully suggests that setting aside the dismissal and allowing the Plaintiff to file his Amended Complaint and move forward expeditiously with service would best serve the interests of justice and would not prejudice the defendant.

### Summary of Facts

The Relator originally filed this action on November 21, 2018 (Dkt. 1). The United States filed a Notice of Election to Decline Intervention on January 29, 2020. (Dkt. 10) The Commonwealth of Virginia filed a Notice of Election to Decline Intervention on January 29, 2020. (Dkt. 9). This Court issued an order to unseal the case on January 31, 2020, making the deadline for service of process in accordance with Federal Rule of Civil Procedure 4(m) on April

1

30, 2020. Upon motion from undersigned counsel, this Court granted an extension to complete service by June 29, 2020. (Dkt. 14). Due to the aforementioned mistake, however, undersigned counsel recorded the incorrect deadline for that service as July 19, 2020. While counsel was working on an Amended Complaint and narrowing the claims and issues to be resolved in the case, the deadline passed and the Court entered an Order of Dismissal Without Prejudice on July 1, 2020. (Dkt. 15).

For purposes of evaluating the relevant statute of limitations, the actions forming the basis for the remaining retaliation and breach of contract claims occurred in November 2017. (Complaint ¶¶ 65-88, Dkt. 1).

## Law

Federal Rule of Civil Procedure 60 provides a mechanism for parties to seek relief from a judgment or order arising out of "a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The rule states: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; […] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The failure of a party to meet a deadline because of inattention, inadvertence, or negligence is "neglect." *Copperfield v. Dalkon Shield Claimants Trust (In re. A. H. Robins Co.)*, 221 Bankr. 166 (Bankr. E.D. Va.), aff'd, 166 F.3d 1208 (4th Cir. 1998). The Court should consider the following factors in determining whether neglect was "excusable:" (1) the danger of prejudice to the other party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. Fed. R. Civ. P. 60(b) should

be liberally construed and applied so as to prevent a manifest miscarriage of justice. *Stancil v. United States*, 200 F. Supp. 36 (E.D. Va. 1961).

## Argument

Missing a deadline due to an inadvertent mistake falls squarely within the ambit of Rule 60. All of the circumstances of this case weigh in favor of granting this motion and allowing the case to proceed forward to the merits.

First, granting this motion would not prejudice the defendant. The reason for the previous delay in service is that the Plaintiff took time to narrow his claims and file an Amended Complaint. Moreover, all of the remaining claims are well within the respective statutes of limitations. *See* 31 U.S.C. § 3730(h)(3) (statute of limitations for False Claims Act retaliation is three years); *see also* Va. Code § 8.01-246 (statute of limitations for breach of contract is five years). If the Court does not grant this motion, the Plaintiff could simply file a new case. Therefore, granting this motion will not prejudice the defendant.

Second, the delay has been very short – twenty two days.

Third, this mistake was inadvertent. While the mistake was certainly within the power of undersigned counsel to avoid, it did not occur as a result of willful neglect. Plaintiff anticipated a delay in being able to make necessary revisions to the Amended Complaint as a result of the COVID-19 pandemic and sought an extension of time to complete service, and simply calendared the incorrect date.

Finally, the Plaintiff has acted in good faith. Counsel for the plaintiff discovered this mistake and filed the present motion within a matter of days. If this motion is granted, Plaintiff is prepared to immediately file his Amended Complaint and complete service within days. Plaintiff will gain no litigation advantage as a result of this mistake.

## Conclusion

For the reasons outlined above, Plaintiff Dr. Oldham respectfully moves the Court to grant his Motion to Vacate the Dismissal Without Prejudice and permit him five days from the Court's grant of this motion to file an Amended Complaint and ten subsequent days to effect service.

          Respectfully submitted,

          DWIGHT OLDHAM

          By: ___*John R. Thomas, Jr.*___

John R. Thomas, Jr. (VSB No. 75510)
**HAFEMANN MAGEE & THOMAS, LLC**
11 Franklin Road, S.W.
P.O. Box 8877
Roanoke, Virginia 24014
jt@fed-lit.com
(540) 759-1660
*Counsel for Relator*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

          ___*/s/ John R. Thomas, Jr.*___