IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRIGNIA
LYNCHBURG DIVISION

| | |
|---|---|
| **DWIGHT OLDHAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 6:18-cv-00088-NKM |
| | ) |
| **CENTRA HEALTH, INC.** | ) |
| | ) |
| **Defendant.** | ) |

**JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Dwight Oldham ("Dr. Oldham" or "Plaintiff") and Defendant Centra Health, Inc. ("Centra" or "Defendant"), (collectively, the "Parties"), submit the following Proposed Joint Discovery Plan:

**I.     Rule 26(f) Conference**

On August 5, 2021 and September 8, 2021, counsel for the Parties conferred by telephone pursuant to Rule 26(f) to discuss the nature of claims and defenses in this case, possibilities of prompt settlement or resolution of the case, the Parties' Rule 26(a) disclosures, and a discovery plan. The Parties hereby submit this Proposed Joint Discovery Plan and further request as set forth in their Joint Motion to Continue the Trial of this Action and Modify the PreTrial Order that the trial date currently scheduled for December 14-17, 2021 be rescheduled for October 25-28, 2022, and that the deadlines in the Court's PreTrial Order be adjusted accordingly.

**II.    Settlement**

The Parties will cooperate to schedule a settlement conference before a Magistrate Judge, or mediation before a private mediator, if, as the case proceeds, a settlement conference or mediation would appear to be beneficial.

**III.    Rule 26(a)(1) Initial Disclosures**

The Parties agreed to exchange Rule 26(a)(1) initial disclosures by October 19, 2021. The Parties do not propose any changes to the form requirement for disclosures under Rule 26(a).

**IV.    Electronically stored information**

The parties agree that Centra may use search terms to help locate potentially responsive ESI stored within its electronic systems using reasonably limited search terms, time frame(s) and a reasonably limited number of custodians. The parties are actively discussing the proposed search terms, time frame(s) and proposed custodians, and agree to cooperate in arriving upon the same. Throughout the course of formulating ESI search terms and custodians, the parties agree to engage in good faith efforts to minimize the cost of ESI discovery, and agree that should any dispute arise as to alternative search terms or limits that could be run to capture a reasonably equivalent set of relevant, responsive documents, the parties and/or the Court will elect the most cost-effective search term or phrase. The parties recognize that they may need to modify proposed search terms, after receiving search term hit feedback if, for example, the terms generate a large amount of irrelevant and/or false positive results, and the parties agree to cooperate in good faith on such modifications. The parties agree that the above framework is designed to permit the parties to engage in ESI discovery in a good faith, collaborative manner. If issues arise with respect to the production of electronically stored information, the Parties will work in good faith to resolve the matter before bringing it to the Court's attention.

**V.    Claims of Privilege**

At this stage, the Parties are not aware of any unique issues with respect to claims of privilege. The Parties have agreed that an inadvertent production or disclosure of materials subject to a claim of privilege or work product shall not cause a waiver of such privilege or protection. In

the event that either Party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing Party will identify the inadvertent disclosure and the receiving Party will promptly return the materials.

### VI. Limitations on Discovery

At this time, the Parties do not propose any changes to the limitations on discovery imposed by the Federal Rules and this Court's Pretrial Order except as otherwise identified in **bold** in Section VIII, below.

### VII. Other Orders

The Parties will confer on the terms of an appropriate protective order to protect any confidential or proprietary information that may be exchanged during the course of discovery. The Parties shall file the appropriate motion with the Court for approval of same.

### VIII. Proposed Discovery Plan

Deadline to Complete discovery: 90 days before trial

Deadline to File Dispositive Motions: 75 days before trial

Deadline for Hearing Dispositive Motions: 45 days before trial

Rule 26(a)(1) disclosures exchange: **October 19, 2021**

Plaintiff expert disclosure deadline:   **120 days prior to the Discovery Deadline**

Defendant expert disclosure deadline:  **60 days prior to the Discovery Deadline**

Proposed jury Instructions and Special Interrogatories: 7 days before trial

Motions in Limine:  14 days before trial

Exchange Witness Lists: 21 days before trial

Amendment of Pleadings: 45 days from Order

Proposed Pretrial Order: 7 days before trial

The Parties agree to work together to schedule mutually available deposition dates for each of their designated experts sufficiently in advance of the close of discovery. To that end, at the time of their expert disclosures, the Parties will provide three potential deposition dates for each of their experts between 45 to 15 days from the close of discovery.

**JOINTLY FILED AND AGREED AS TO FORM AND CONTENT:**

Dated:  September 27, 2021                    Respectfully Submitted,

CENTRA HEALTH, INC.

By: /s/ Joshua F. P. Long
Elizabeth Guilbert Perrow, Esq. (VSB No. 42820)
Joshua F. P. Long, Esq. (VSB No. 65684)
Joshua R. Treece, Esq. (VSB No. 79149)
WOODS ROGERS PLC
P. O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
jlong@woodsrogers.com
jtreece@woodsrogers.com
*Counsel for Defendant*

DWIGHT S. OLDHAM

By:     /s/John R. Thomas, Jr.
John R. Thomas, Jr. (VSB No. 75510)
Mia Yugo (VSB No. 92975)
Hafemann Magee & Thomas
11 Franklin Road, SW
P.O. Box 8877
Roanoke, VA  24014
Phone: (540)759-1660
jt@fed-lit.com
mia@fed-lit.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record.

/s/ Joshua F. P. Long